UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD MARTIN HARMLESS, | No. 2:14-cv-0223 DAD P |
| Petitioner, | |
| v. | ORDER |
| J. LAZZARAGA, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to magistrate judge jurisdiction in this action all purposes, pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). (See ECF No. 4.) Pending before the court are petitioner's motions to proceed in forma pauperis and for a stay and abeyance of these proceedings pending exhaustion of his unexhausted claims in state court. For the reasons that follow, the court grants petitioner's motions.

I. Background

On January 23, 2014, petitioner filed his original federal petition for writ of habeas corpus, challenging his 2010 judgment of conviction, entered in the El Dorado County Superior Court, for furnishing marijuana to minors and lewd acts on a child, with sentencing enhancements based on prior convictions for child molestation. (ECF No. 1.)

/////

On January 28, 2014, this court directed petitioner to file an amended petition for writ of habeas corpus that included his signature, as required by Rule 2 of the Rules Governing Section 2254 Cases, and accorded petitioner the opportunity to submit an application to proceed in forma pauperis or the appropriate filing fee.

On February 10, 2014, petitioner filed a motion to proceed in forma pauperis (ECF No. 7), the operative amended petition for writ of habeas corpus (ECF No. 6), and a motion to "stay and abey" his amended petition (ECF No. 5).

II. Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application demonstrates that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

III. Amended Petition for Writ of Habeas Corpus[1]

The amended federal habeas petition before the court contains only one claim, described by petitioner as follows: "The trial court abused its discretion and prejudiced defendant's defense by admitting evidence of prior sex offenses as evidence for propensity evidence under Evidence Code § 1108." (ECF No. 6 at 3.) Petitioner alleges that this claim was fully exhausted in state court on direct review. See 28 U.S.C. § 2254(b)(1)(A) (exhaustion of state court remedies is a prerequisite to seeking federal habeas relief). Petitioner also states that he did not pursue collateral review on any of the claims set forth in his amended federal petition by way of state habeas petitions.[2]

It would appear that petitioner timely commenced this federal habeas action within the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act

---

[1] The amended petition for writ of habeas corpus is identical to the original petition, except that the amended petition includes petitioner's signature.

[2] AEDPA's limitation period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). In addition, the limitation period may be equitably tolled if a petitioner can establish that he diligently pursued his rights but some extraordinary circumstance stood in his way. Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

of 1996 (AEDPA).  See 28 U.S.C. § 2244(d).  Specifically, this action was filed on January 23, 2014, within the one-year period after petitioner's judgment of conviction and sentence became final on April 23, 2013.[3]  See 28 U.S.C. § 2244(d)(1)(A) (one-year limitations period commences with "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

IV.  Motion to Stay and Abey

    A.  Petitioner's Motion

As noted, petitioner has filed a motion seeking to have his fully exhausted federal amended habeas petition stayed and these proceedings held in abeyance while he exhausts "approximately" four additional claims in state court.  Citing the decision in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), petitioner states that his goal is to further amend his federal petition to include these additional claims once they are exhausted in state court.  However, petitioner also reports that he has not yet obtained his case file from his state appellate counsel, and may need to "seek judicial intervention from the lower courts to compel counsel to send me my trial record." (ECF No. 5 at 8.)  In addition, petitioner states that, once he obtains his case file, there "maybe (sic) more issues" for him to exhaust.  (Id. at 3.)

Before this court petitioner identifies only two of the four putative claims, a challenge to the restitution imposed as part of his sentence and a claim challenging the sufficiency of the evidence introduced at his trial, which he intends to exhaust.  Petitioner asserts that both of these claims were addressed and rejected by the California Court of Appeal, but that neither was presented in the petition for review submitted to the California Supreme Court on his behalf.

---

[3] The California Court of Appeal affirmed petitioner's judgment of conviction and sentence on November 16, 2012.  See People v. Harmless, Case No. C066882, 2012 WL 5704937 (Cal. App. 3d Dist. Nov. 16, 2012).  Petitioner petitioned the California Supreme Court for review on December 19, 2012, and that petitioner was denied on January 23, 2013.  See People v. Harmless, Case No. S207430 (California Supreme Court Docket).  Because petitioner did not file a petition for writ of certiorari in the United States Supreme Court, the judgment became final upon expiration of the ninety-day period for seeking a writ of certiorari.  See Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Therefore, petitioner's judgment of conviction and sentence became final on April 23, 2013, ninety days after the California Supreme Court denied review on January 23, 2013.

Review of the California Court of Appeal decision[4] supports petitioner's representation that these claims were considered and rejected by that court, due in part (as petitioner asserts) to the alleged failure of his appellate counsel to cite authority in support of them.  See People v. Harmless, Case No. C066882, 2012 WL 5704937 (Cal. App. 3d Dist. Nov. 16, 2012).  Thus, for example, petitioner's restitution claim, in which he challenged the trial court's restitution award to "Doe" for noneconomic damages, was rejected by the state appellate court in part because "defendant cites no authority in support of his argument." Id. at *5.  Similarly, petitioner's sufficiency of evidence claim was rejected by the state appellate court in part because "defendant . . . provides no citations to authority or argument." Id. at *4.

        B.  Stay and Abeyance Procedures

There are two procedures available to federal habeas petitioners who wish to proceed with both exhausted and unexhausted claims.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  Petitioner requests application of the "Kelly procedure," Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).[5]  The Ninth Circuit Court of Appeals has described the "Kelly procedure" as a three-step process:

> (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

---

[4] This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[5] The alternate procedure was set forth by the Supreme Court in Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under the Rhines procedure, a district court may stay a petitioner's "mixed petition" (containing both exhausted and unexhausted claims), while petitioner returns to state court to exhaust his unexhausted claims.  Id. at 277-78; see also King, 564 F.3d at 1140.  A stay under Rhines is appropriate only when petitioner has demonstrated good cause for failing to previously exhaust his claims in state court, and is not available if the unexhausted claims are "plainly meritless," or petitioner has engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78.  "[B]oth Kelly and Rhines are directed at solving the same problem -- namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

1  King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).  The instant petition, asserting only

2  an exhausted claim, satisfies the first step under Kelly.

3        Significantly, "the Kelly procedure . . . is not premised upon a showing of good cause."

4  King, 564 F.3d at 1140.  However, "[a] petitioner seeking to use the Kelly procedure will be able

5  to amend his unexhausted claims back into his federal petition once he has exhausted them only if

6  those claims are determined to be timely" under AEDPA's statute of limitations.[6]  Id. at 1140-41.

7  Thus, the Kelly procedure, in contrast to the Rhines procedure (see n.5, above), does not protect a

8  petitioner's unexhausted claims from expiring during a stay and becoming time-barred in federal

9  court.  King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001)

10 (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll

11 AEDPA's statute of limitations).  "[T]he Kelly procedure, unlike the Rhines procedure, does

12 nothing to protect a petitioner's unexhausted claims from untimeliness in the interim."  King, 564

13 F.3d at 1141.

14       If a newly exhausted claim is time-barred, it may be added in an amended petition only if

15 it "relates back" to petitioner's original exhausted claims.  However, a new claim does not "relate

16 back" to the original petition simply because it arises from "the same trial, conviction, or

17 sentence."  Mayle v. Felix, 545 U.S. 644, 662-64 (2005).  Rather, the new claim must be of the

18 same "time and type" as the original exhausted claims, and share a "common core of operative

19 facts" with those claims.  Id. at 659.

20       C.  Discussion

21       The only claim alleged in the amended federal petition was exhausted in the state courts,

22 thus satisfying the first step of the Kelly procedure.  As previously noted, a finding of good cause

23 is not required for the court to proceed to the second step, by granting petitioner's motion to stay

24 /////

---

[6] AEDPA's limitation period is calculated from the "latest" of four commencement dates.  See 28 U.S.C. § 2244(d)(1)(A) (date on which the judgment became final); § 2244(d)(1) (B) (date on which the illegal state-action impediment to filing was removed); § 2244(d)(1)(C) (date on which the asserted constitutional right was initially recognized by the U.S. Supreme Court and made retroactive to cases on collateral review); and § 2244(d)(1)(D) (date on which the factual predicate of the claim could have been discovered through due diligence).

this action and hold his amended petition in abeyance while petitioner exhausts his remaining claims in the state courts.

However, petitioner is cautioned that "technical exhaustion" in the state courts does not guarantee federal review at the third step of the Kelly procedure.  See Mayle, 545 U.S. at 659 (newly exhausted claim that is untimely under AEDPA may be added only if it "relates back" to the original exhausted claims); Duncan, 533 U.S. at 172-75 (AEDPA's statute of limitations is not tolled by the filing of federal habeas petition); King, 564 F.3d at 1140-41 (a newly exhausted claim may be added to a stayed federal petition if timely under ADEPA); see also Murray v. Schriro, 745 F.3d 984, 1015 (9th Cir. 2014) (a federal court is without jurisdiction to consider federal claims found by state courts to be procedurally barred).[7]

Therefore, while the court will grant petitioner's motion to "stay and abey" this action, it does not at that time reach the question of whether any of the new claims petitioner intends to exhaust may later be presented in this federal habeas action by way of amendment.  The court will address that question when, and if, petitioner seeks leave to present his newly exhausted claims to this court in a further amended federal petition pursuant to the third step of the procedure authorized by the Ninth Circuit in Kelly.

For these reasons, the court will grant petitioner's motion to "stay and abey" this federal habeas action pending petitioner's exhaustion of state court remedies on his unexhausted claims.

/////

---

[7] As a general rule, any claim found by the state courts to be procedurally defaulted will not be considered in this court:

> The doctrine of procedural default provides that "a federal court will not review the merits of claims, including constitutional claims, which a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, __U.S.__, __, 132 S. Ct. 1309, 1316 (2012). This doctrine is grounded in federalism, because federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 726-29 (1991).

Murray, 745 F.3d at 1015.

V. Conclusion

    For the foregoing reasons IT IS HEREBY ORDERED that:

    1. Petitioner's motion to proceed in forma pauperis (ECF No. 7), is granted.

    2. Petitioner's motion to "stay and abey" this action (ECF No. 5), pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), is granted.

    3. This action is stayed pending exhaustion of state court remedies on petitioner's unexhausted claims.

    4. Petitioner is directed to file in this court, every ninety (90) days commencing with the filing date of this order, a status report that details petitioner's progress in exhausting his unexhausted claims in the state courts.

    5. Petitioner is directed to file in this court, within thirty (30) days after the California Supreme Court issues a final order resolving petitioner's unexhausted claims, a motion requesting that the instant stay be lifted, and that leave be granted to file a Second Amended Petition for Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254; petitioner shall include his proposed Second Amended Petition.

    6. The Clerk of Court is directed to administratively close this case until further order of this court.

Dated: June 12, 2014

                             /s/ Dale A. Drozd
                             DALE A. DROZD
                             UNITED STATES MAGISTRATE JUDGE

DAD:4
harm0223.mtn.stay.hc.amd.