AO 241
(Rev 01/15)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: EASTERN DISTRICT OF CALIFORNIA | |
|---|---|---|
| HOWARD<br>Name (under which you were convicted):<br>HOWARD M. HARMLESS | | Docket or Case No.:<br>2:14-cv-00223-EFB |
| Place of Confinement: Mule Creek State Prison, B9-136L<br>4001 St. Hwy 104, P.O. Box 409040, Ione, CA 95640 | | Prisoner No.: AF5172 |
| Petitioner (include the name under which you were convicted)<br><br>HOWARD MARTIN HARMLESS | Respondent (authorized person having custody of petitioner)<br>v.    J. LIZARRAGA, WARDEN (A) | |
| The Attorney General of the State of: CALIFORNIA, KAMALA HARRIS | | |

**FILED**

**PETITION**

FEB - 9 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:
EL DORADO COUNTY SUPERIOR COURT, 3321, Cameron Park Drive, Cameron Park
CA, 95682

(b) Criminal docket or case number (if you know): PO9CFTO448

2.    (a) Date of the judgment of conviction (if you know): OCTOBER, 2010

(b) Date of sentencing: NOVEMBER, 2010

3.    Length of sentence: 725 YEARS TO LIFE

4.    In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case: COUNT I - FURNISHING
MARIJUANA TO A MINOR UNDER THE AGE OF 14 - HEALTH AND SAFETY CODE B11351(a);
COUNT II - FURNISHING MARIJUANA TO A MINOR OVER THE AGE OF 14 - HEALTH AND
SAFETY CODE B11361(b); COUNTS III - XI, LEWD ACTS UPON A CHILD UNDER THE AGE
OF 14 - PENAL CODE B288(a)

6.    (a) What was your plea? (Check one)

☑ (1)    Not guilty    ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty    ☐ (4)    Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:    CALIFORNIA COURT OF APPEAL, THIRD APPELLATE DISTRICT

(b) Docket or case number (if you know):    C066982

(c) Result:    AFFIRMED

(d) Date of result (if you know):    NOVEMBER 16, 2012

(e) Citation to the case (if you know):

(f) Grounds raised:    THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICED DEFENDANT'S DEFENSE BY ADMITTING EVIDENCE OF PRIOR SEX OFFENSES AS EVIDENCE FOR PROPENSITY UNDER EVIDENCE CODE 1108;

THE COURT ABUSED ITS DISCRETION BY NOT GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL: INSUFFICIENT EVIDENCE TO SUPPORT CONVICTION; DENIAL OF DEFENDANT'S MOTION TO DISMISS PRIORS PURSUANT TO PENAL CODE 1385(ROMERO), AND THE IMPOSITION OF A CRUEL AND UNUSUAL PUNISHMENT SENTENCE; RESTITUTION HEARING

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    CALIFORNIA SUPREME COURT

(2) Docket or case number (if you know):    S207430

(3) Result:    PETITION FOR REVIEW DENIED

(4) Date of result (if you know):    JANUARY 23, 2013

AO 241
(Rev 01/15)

(5) Citation to the case (if you know):

(6) Grounds raised: THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICED
DEFENDANT'S DEFENSE BY ADMITTING EVIDENCE OF PRIOR SEX OFFENSES AS EVIDENCE
(FOR) PROPENSITY EVIDENCE UNDER EVIDENCE CODE 1108

(h) Did you file a petition for certiorari in the United States Supreme Court?      ☐ Yes      ☐ᵡ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?      ☒ Yes      ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   CALIFORNIA STATE SUPREME COURT

(2) Docket or case number (if you know):   S228537

(3) Date of filing (if you know):   AUGUST 12, 2015

(4) Nature of the proceeding:   HABEAS CORPUS

(5) Grounds raised:   PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
AS GUARANTEED BY THE SIXTH AND FOURTENTH AMENDMENTS TO THE U.S. CONSTITUTION:
TRIAL COUSNEL WAS INEFFECTIVE BECAUSE OF THE MULTIPLE ERRORS TRIAL COUNSEL
COMMITTED: PETITIIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO A FAIR TRIAL
WHEN THE PROSECUTOR COMMITTED MISCONDUCT RENDERING PETITIONER'S TRIAL TO BE
UNFAIR: PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL
ON APPEAL WHEN COUNSEL FAILED TO RAISE SAID CLAIMS IN THE DIRECT APPEAL: THE
TRIAL COURT VIOLATED PETITIONER'S RIGHT TO A FAIR TRIAL BY JURY BY ADMONISHING
THE JURY WITH AN AMBIGUOUS REASONABLE DOUBT JURY INSTRUCTION.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☒ No

(7) Result:   Habeas Corpus denied.

(8) Date of result (if you know): January 13, 2016

AO 241
(Rev 01/15)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No

(2) Second petition:   ☐ Yes   ☒ No

(3) Third petition:   ☐ Yes   ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICED DEFENDANT'S DEFENSE BY ADMITTING EVIDENCE OF PRIOR SEX OFFENSES AS EVIDENCE OF PROPENSITY UNDER EVIDENCE CODE 1108, THUS VIOLATING PETITIONER'S 14th AMENDMENT RIGHTS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
THE TRIAL COURT ERRED BY ALLOWING THE PROSECUTION TO ADMIT [INTRODUCE] PETITIONER'S PRIOR SEX OFFENSES [OVER TWENTY YEARS BEFORE] AS PROPENSITY EVIDENCE UNDER EVIDENCE CODE §1108, WHEN THE CONDUCT INVOLVED WAS NOT SIMILAR AND PROBATIVE TO THE CURRENT CHARGE TO OVERCOME THE PREJUDICIAL NATURE OF THE EVIDENCE. THE TRIAL COURT CAUSED GREAT PREJUDICE BY ALLOWING PETITIONER'S VICTIMS FROM TWENTY YEARS AGO TO TESTIFY IN FRONT OF THE JURY, THUS DEFLECTING THE JURY'S JUDGEMENT OF THE WEAKNESS OF THE CURRENT CASE. THE JURY COULD NOT HELP BUT BE PREJUDICED AGAINST THE PETITIONER AFTER HEARING DIRECT TESTIMONY FROM THESE WIT- NESSES, REGARDLESS OF THE DISSIMILARITY OF THE PRESENT CASE AND THE PAST CASES.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition   PETITION FOR REVIEW BY THE STATE SUPREME COURT

Name and location of the court where the motion or petition was filed:   CALIFORNIA STATE
SUPREME COURT, 350 McCALLISTER STREET, SAN FRANCISCO, CA 94102-4797

Docket or case number (   S207430

Date of the court's decision:   JANUARY 23, 2013

Result (attach a copy of the court's opinion or order, if available):   PETITION DENIED

COURT'S ORDER ATTACHED AS EXHIBIT ONE

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☒ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

STATE REMEDIES WERE EXHAUSTED.

AO 241
(Rev 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING PETIONER'S
MOTION ~~TO DISMISS PRIORS PURSUANT TO PENAL CODE §1385 (ROMERO) AND~~
IMPOSED A CRUEL AND UNUSUAL PUNISHMENT SENTENCE IN VIOLATION OF PETITIONER'S
RIGHTS UNDER THE EIGHTH AMENDMENT.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE TRIAL COURT DENIED DEFENDANT'S MOTION, AND SENTENCED PETITIONER TO 725
~~YEARS TO LIFE AGGRAVATED FOP CRIMES COMMITTED OVER TWENTY YEARS IN THE PAST.~~
IN ADDITION, SENTENCES FOR THE ELEVEN CONVICTIONS WERE ORDERED TO RUN CONSE-
CUTIVELY.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PETITION FOR WRIT OF HABEAS CORPUS

Name and location of the court where the motion or petition was filed: CALIFORNIA STATE SUPREME
COURT, 350 McCALLISTER STREET, SAN FRANCISCO, CA   94102-4797

Docket or case number (if you know):          S228537

Date of the court's decision:   JANUARY 13, 2016

Result (attach a copy of the court's opinion or order, if available):   HABEAS CORPUS DENIED.

COURT'S ORDER ATTACHED AS EXHIBIT 2

| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐x No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐x No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

STATE REMEDIES WERE NOW EXHAUSTED.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLAT-
ION OF HIS SIXTH AMENDMENT RIGHTS AND HIS RIGHTS TO A FAIR TRIAL WERE AS
GUARANTEED BY THE FOURTEENTH AMENDMENT WERE VIOLATED AS A RESULT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER REQUESTED HIS TRIAL COUNSEL TO ACQUIRE THE PHONE RECORDS OF THE
PRIMARY PROSECUTION WITNESSES TO PROVE COLLUSION AMONG THE WITNESSES EVEN
BEFORE THE SHERRIF WAS CALLED. UNDER OATH, THE WITNESSES ADMITTED THEY
HAD MET AND DISCUSSED THE CASE WHEN THEY HAD BEEN ADMONISHED BY THE COURT
NOT TO DO SO. THE CHARACTER OF THE WITNESSES WOULD HAVE BEEN EXPOSED TO
THE JURY BY REVEALING THE MULTIPLE CONVERSATIONS HELD.
EVEN THOUGH THIS WAS A REASONABLE REQUEST, COUNSEL REFUSED TO GET THE
RECORDS, STATING, "IT WOU-D BE TOO MUCH TROUBLE." THIS IS BUT ONE EXAMPLE
OF COUNSEL IGNORING PETITIONER'S REQUESTS TO AID IN HIS DEFENSE.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:     INEFFECTIVE ASSISTANCE
OF APPELLATE COUNSEL.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PETITION FOR HABEAS CORPUS IN STATE SUPREME
COURT.
Name and location of the court where the motion or petition was filed:     CALIFORNIA STATE SUPREME
COURT, 350 MCCALLISTER STREET, SAN FRANCISCO, CA 94102-4797

Docket or case number (if you know):     S228537

Date of the court's decision:     JANUARY 13, 2016

Result (attach a copy of the court's opinion or order, if available):     PETITION DENIED

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

_____

_____

_____

AO 241
(Rev 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

STATE REMEDIES EXHAUSTED

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION WHEN COUNSEL FAILED TO CALL DEFENSE WITNESSES IN ORDER TO SHOW JOHN DOE 1'S TRUE CHARACTER.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER INFORMED TRIAL COUNSEL ABOUT CERTIAN DEFENSE WITNESSES WHO NEEDED TO BE CALLED IN ORDER TO TESTIFY ABOUT THEIR DIRECT KNOWLEDGE OF THE CHARACTER OF JOHN DOE 1. PETITIONER REQUESTED THAT DEFENSE COUNSEL ALLOW HIS INVESTIGATOR TO INVESTIGATE THESE POTENTIAL DEFENSE WITNESSES, COUNSEL REFUSED, STATING THAT JOHN DOE 1 WAS A MINOR. THESE WITNESSES WOULD HAVE REVEALED DIRECT OBSERVATIONS ABOUT JOHN DOE 1 AND DESCRIBED HIS NORMAL BAD BEHAVIOR AND LYING.
ONE WITNESS WOULD HAVE TESTIFIED AS TO JOHN DOE 1 BEING INVOLVED IN GANGS, FIGHTING, BEING CAUGHT WITH MARIJUANA, AND DISRUPTING THE SCHOOL BUS.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PETITION  FOR WRIT OF HABEAS CORPUS

Name and location of the court where the motion or petition was filed: CALIFORNIA STATE SUPREME
COURT, 350 McCALLISTER STREET, SAN FRANCISCO, CA 94102-4797

Docket or case number (if you know): S228537

Date of the court's decision: ON JANUARY 13, 2016

Result (attach a copy of the court's opinion or order, if available): PETITION DENIED

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ | Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ | Yes | ☒ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ | Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

EXHAUSTION OF STATE REMEDIES

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

GROUND  5

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO INVESTIGATE AND CALL FORENSIC EXPERTS TO REFUTE PROSECUTION WITNESS TESTIMONY. THIS FAILURE VIOLATED PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS.
(a)  STATEMENT OF FACTS:

DURING THE TRIAL THE PROSECUTION INTRODUCED FORENSIC EVIDENCE AGAINST THE PETITIONER, AND TRIAL COUNSEL DID NOT CONDUCT ANY RESEARCH OR CALL ANY FOREN-SIC EXPERTS FOR THE DEFENSE TO REFUTE THE PROSECUTION WITNESSES' TESTIMONIES. THE PETITIONER'S PRIMARY ACCUSER, JD1, TESTIFIED HE DEVELOPED A RASH ON HIS PENIS AND HIS DOCTOR TENTATIVELY DIAGNOSED IT AS CANDIDA ALBICANS, MORE COMMONLY KNOWN AS A YEAST INFECTION.  COUNSEL FAILED TO CALL ANY FORENSIC EXPERTS, OR JD1'S PHYSICIAN TO TESTIFY ABOUT THE CAUSE AND SYMPTOMS OF THE DISEASE, OR ITS METHODS OF TRANSMISSION.
JD1 HAD TESTIFIED THAT PETITIONER HAD "BITTEN HIM".
COUNSEL TOLD DEFENDANT THAT DUE TO THE FACT THAT JD1 WAS A MINOR, DEFENSE COULD NOT BRING UP THE FACT THAT JD1 WAS SEXUALLY ACTIVE WITH SEVERAL GIRLS, EVEN THOUGHT IT WAS LIKELY THAT JD1 HAD CAUGHT THE INFECTION FROM ONE OF THEM.  HAD COUNSEL BROUGHT A PSYCHOLOGIST, UROLOGIST, OR EPIDEMIOLOGIST TO TESTIFY  FOR THE DEFENSE AS TO THE DISEASE AND THE ACCUSER'S BEHAVIOR IT WOULD HAVE BEEN OBVIOUS TO THE JURY WHERE, JD1 CAUGHT THE DISEASE.  FURTHER INVESTIGATION BY COUNSEL WOULD HAVE REVEALED THAT PETITIONER DID NOT HAVE A YEAST INFECTION, AND, THEREFORE, COULD NOT HAVE BEEN THE SOURCE OF JD1'S INFECTION.  (RT 66-67, 297-303)

(b)  STATE REMEDIES WERE ESHAUSTED ON THIS GROUND.

(c)  ISSUE WAS NOT RAISED ON DIRECT APPEAL DUE TO INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

(d)  ISSUE WAS RA SED IN A PETITION FOR HABEAS CORPUS IN THE CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAN FRANCISCO, CA 94012-4797

DOCKET # S228537
DATED JANUARY 13, 2016
RESULT: PETITION DENIED.
HEARING RECEIVED:  NO.
DENIAL APPEALLED:  NO, STATE REMEDIES EXHAUSTED.

(e)  OTHER REMEDIES:  NO.

GROUND 6

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED
TO TO INVESTIGATE AND CALL FORENSIC EXPERTS TO REFUTE PROSECUTION WITNESS
TESTIMONY. THEREFORE VIOLATING PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT
RIGHTS.
(a)  STATEMENT OF FACTS:

THE PETITIONER'S PRIMARY ACCUSER, JD1 TESTIFIED THAT PETITIONER HAD SODOMIZED
HIM WITH A FLACCID PENIS, STATING, "IT WOULDN'T GO IN."  HE WENT ON TO SAY
IT CAUSED A BLEEDING WOUND IN HIS RECTUM.
 THE ALLEGED SODOMY WAS NOT REPORTED TO THE SHERIFF UNTIL SEVERAL WEEKS AFTER
THE INITIAL POLICE REPORT.  ALMOST AS AN AFTERTHOUGHT, JD1'S MOTHER STATED
THERE HAD BEEN BLOOD IN A TOILET AFTER JD1'S USE.  DESPITE THE FACT THAT
THERE MIGHT HAVE BEEN SOMETHING SERIOUSLY WRONG, SHE DID NOT TAKE HIM TO
A DOCTOR.
COUNSEL SHOULD HAVE CONSULTED WITH AND CALLED  AN EXPERT IN THE FIELD, I.E.,
A UROLOGIST OR A GASTRO-INTESTINAL SPECIALIST, WHO WOULD HAVE BEEN ABLE
TO TESTIFY THAT IT WOULD HAVE BEEN HIGHLY UNLIKELY THAT SODOMY OCCURRED, BEC-
AUSE DEFENDANT WOULD NOT HAVE BEEN ABLE TO PENETRATE JD1 WITH A FLACCID
PENIS, LET ALONE BE ABLE TO CAUSE A BLEEDING WOUND INSIDE THE RECTUM.
(RT 69-71, 141-143, 168-171)
(b)  STATE REMEDIES WERE EXHAUSTED ON THIS GOUND.

(C)  ISSUE WAS NOT RAISED ON APPEAL DUE TO INEFFECTIVE ASSISTANCE OF APPELLATE
COUNSEL.

(d)  ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE CALIFORNIA
STATE SUPREME COURT, 350 McCALLISTER STREET, SAN FRANCISCO, CA 94102-4797
DOCKET # S228537
DATED:  JANUARY 13, 2016
RESULT:  PETITION DENIED.
HEARING RECEIVED:  NO.
 DENIAL APPEALLED:  NO.

(e)  OTHER REMEDIES:  NO.

GROUND 7

INEFFECTIVE ASSISTANCE OF COUNSEL - FAILURE TO INVESTIGATE AND
CALL AND EXPERT FINGERPRINT WITNESS TO PROVE THE PRIMARY PROSEC-
UTION  WITNESS WAS LYING CASTING DOUBT ON HIS CHARACTER AND
CREATING BENEFIT OF  A DOUBT. IN  VIOLATION OF PETITIONER'S
SIXTHE AND FOURTEENTH AMENDMENT RIGHTS.
STATEMENT OF FACTS

JD1 USED DEFENDANT'S COMPUTER SEVERAL TIMES WHEN UNSUPERVISED.
JD1 WAS A PROFESSED 'BEAT-IN' MEMBER OF A LOCAL GANG, AND HE
PRINTED OUT GANG ARTWORK AND KEPT THE PRINTOUTS IN A FOLDER
IN THE FILE CABINET OF THE DEFENDANT.  WHEN JD1 ACCUSED THE
DEFENDANT, DEPUTY SHERIFFS CAME TO DEFENDANTS HOUSE TO TALK
TO HIM.  JD1 HAD TOLD THEM ABOUT THE FOLDER AND THE DEPUTYS
TOOK IT.
  DURING THE TRIAL, WHILE JD1 WAS ON THE STAND. DEFENSE COUNSEL
SHOWED THE PRINTOUTS TO HIM AND ASKED HIM IF HE PRINTED THEM.
JD1 DENIED EVER SEEING THEM.  LATER, THE PROSECUTOR SUGGESTED
THAT DEFENDANT HAD PRINTED THEM OUT.  THE DEFENSE COUNSEL SHOULD
HAVE HIRED A FINGERPRINT EXPERT TO EXAMINE THE PRINTOUTS AND
TESTIFY THAT DEFENDANT S FINGERPRINTS WERE NOT ON THE PRINTOUTS,
BUT THAT JD1'S FINGERPRINTS WERE ALL OVER THEM, SHOWING JD1
TO BE A LIAR AND CASTING DOUBT ON HIS ENTIRE TESTIMONY THEREBY
CREATING THE BENEFIT OF A DOUBT.

(b)  STATE REMEDIES WERE EXHAUSTED ON THIS GROUND.

(c)  ISSUE WAS NOT RAISED ON APPEAL DUE TO INEFFECTIVE ASSISTANCE
OF APPELLATE COUNSEL.

(d)  ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE
CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAN
FRANCICSO, CA 94102-4797
DOCKET # S228537
DATED: JANUARY 13, 2016
HEARING RECEIVED:  NO
DENIAL APPEALLED:  NO

(e)  OTHER REMEDIES:  NO

GROUND 8

INEFFECTIVE ASSISTANCE OF COUNSEL - FAILURE TO INVESTIGATE
AND CONDUCT A CROSS - EXHAMINATION REGARDING DEFENDANT'S COMPUTER
WHICH WOULD HAVE CAST SIGNIFICANT DOUBT ON THE TESTIMONY AND
ACCUSATIONS OF THE PRIMARY PROSECUTION WITNESS, IN VIOLATION OF
 PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS.
(a)  SUPPORTING FACTS:

DURING JD1'S TESTIMONY, HE BLURTED OUT A REFERENCE TO A PICTURE
OF HIS 'BUTT' ON THE DEFENDANT'S COMPUTER.  THIS STATEMENT
COULD HAVE LED THE JURY TO BELIEVE THAT DEFENDANT HAD TAKEN
PICTURES OF HIS BODY.
   WHEN THE DEPUTY SHERIFFS CONDUCTED AN AUTHORIZED SEARCH OF
DEFENDANT'S HOME, THEY TOOK HIS COMPUTER.  THE COMPUTER SPECIAL_
-IST OF THE SHERIFF"S DEPARTMENT EXAMINED THE COMPUTER AND
ISSUED A REPORT, WHICH WAS READ IN COURT, STATING THERE WERE
NO ILLEGAL FILES OR INFORMATION ON THE COMPUTER.  COUNSEL'S DUTY
WAS TO HIRE A COMPUTER EXPERT TO EXAMINE DEFENDANT'S COMPUTER
TO LOOK FOR THIS ALLEGED PICTURE OF JD1'S BUTT, WHEN IN ACTUALITY
THE PICTURE DID NOT EXIST.
   THE SUSPICION THAT DEFENDANT TOOK SUCH PICTURES WAS LEFT
HANGING IN FRONT OF THE JURY BECAUSE OF THE PREJUDICE CAUSED
BY THE FALSE TESTIMONY.
   COUNSEL'S LACK OF RESEARCH AND INVESTIGATION DENIED PETITIONER
A DEFENSE BECAUSE COUNSEL'S CONDUCT CASED PETITIONER TO BE
AN A POSITION WHERE THE DEFENSE COULD NOT CHALLENGE THE PROSECUT-
ION'S FORENSIC EVIDENCE.  (RT 355-357)

)b)  STATE REMEDIES WERE EXHAUSTED ON THIS GROUND.

(c)  ISSUE WAS NOT RAISED ON APPEAL DUE TO INEFFECTIVE ASSIS-
TANCE OF COUNSEL.

(d)  ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE
CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAN
FRANCISCO, CA  94102-4797
DOCKET # S228537
DATED:  JANUARY 13, 2016
RESULT:  PETITION DENIED.
HEARING RECEIVED:  NO
DENIAL APPEALLED:  NO

(e)  OTHER REMEDIES:  NO

GROUND  9

INEFFECTIVE ASSISTANCE OF COUNSEL WHEN FAILING TO OBJECT TO
MISCONDUCT BY THE PROSECUTOR, IN VIOLATION  OF PETITIONER'S
SIXTH  AND FOURTEENTH AMENDMENT RIGHTS.
(a)  STATEMENT OF FACTS:

BEFORE THE TRIAL, DURING AN 'IN CAMERA' MEETING IN THE JUDGE'S
CHAMBERS, THE FOLLOWING WERE PRESENT:  THE JUDGE, THE BAILIFF,
THE PROSECUTOR, THE COURT REPORTER, AND THE DEFENSE COUNSEL.
AS SHOWN IN THE TRANSCRIPTS, THE GROUP WAS DISCUSSING HOW LONG
THE JURY WOULD BE NEEDED.  THE PROSECUTOR STATED SHE WANTED
TO GO ON VACATION.  DEFENSE COUNSEL SAID HE WAS NOT LONG-WINDED.
THE GENERAL SENSE OF THE MEETING RESTED ON HOW TO SPEED UP
THE TRIAL.  THEN, THE PROSECUTOR SAID TO THE BAILIFF, "TELL
THE JURY A LOT OF BIG MURDER CASES ARE COMING UP: SO DON't
ASK FOR CONTINUANCES, ETC.  THAT ALWAYS WORKS."  THE REASON
THIS WAS SAID WAS TO INDIRECTLY IMPRESS UPON THE JURY AN
UNREASONABLE NEED TO EXPEDITE THE DELIBERATION TIME, THEREBY
CREATING AN UNFAIR TRIAL.  (RT 8-11)

(b) STATE REMEDIES WERE EXHAUSTED ON THIS GROUND.

(c)  ISSUE WAS NOT RAISED ON APPEAL DUE TO INEFFECTIVE ASSISTANCE
OF APPELLATE COUNSEL.

(d)  ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE
CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAN
FRANCISCO, CA 94102-4797.
DOCKET # S228537
DATED:  JANUARY 13, 2016
RESULT:  PETITION DENIED
HEARING RECEIVED:   NO
DENIAL APPEALLED:   NO

(e)  OTHER REMEDIES NO

CAUSE 10

INEFFECTIVE ASSISTANCE OF COUNSEL WHEN FAILING TO OBJECT WHEN
THE PROSECUTOR ELICITED PERJURED TESTIMONY FROM THE MAIN PROSEC-
UTION WITNESS, IN VIOLATION OF PETITIONER'S SIXTH, AND FOURTEENTH
AMENDMENT RIGHTS.

(a) STATEMENT OF FACTS:

UPON QUESTIONING BY THE PROSECUTOR, JD1 TESTIFIED DURING TRIAL
THAT THE DEFENDANT'S PENIS WAS "CIRCUMSISED". WHEN CROSS-EXAM-
INED BY DEFENSE COUNSEL, JD1 REITERATED THAT DEFENDANT'S PENIS
WAS CIRCUMSISED.
   JD1 HAD PREVIOUSLY MAD ASTATEMENT TO THE SHERIFF INVESTIGATOR
THE THE DEFENDANT WAS "UNCIRCUMSISED, WITH A LOT OF EXCESS
SKNIN AROUND THE HEAD, WITH BLACK AND WHITE HAIR COMING OFF
OF IT, ALL SAGGY."
   WHEN DEFENSE COUNSEL CONSULTED DEFENDANT BEFORE THE TRIAL
AND ASKED HIM IF THIS DESCRIPTION FIT HIM, HE SAID, "NO.  I'm
CIRCUMSISED.  THIS IS PROOF HE NEVER SAW ME NAKED."
   DEFENSE COUNSEL SAID, "WELL, THAT'S IMPORTANT."  COUNSEL
NOTIFED THE PROSECUTOR OF THE TRUTH AND THEY BROUGHT JD1 BACK
IN FOR QUESTIONING, WHEREUPON HE CHANGED HIS STORY TO FIT THE
TRUTHEVEN THEN, WHEN ASKED TO DRAW A SKETCH OF DEFENDANT'S
GENITALS, IT SHOWED AN UNCIRCUMSISED PENIS.  LATER IN COURT,
SHERIFF DETECTIVE LEIKAUF TESTIFIED THAT, "JOHN DOE 1 DREW A
PICTURE OF WHAT LOOKED LIKE AN UNCIRCUMSISED PENIS."
   IT WAS OBVIOUS THAT JD1 HAD BEEN COACHED INTO CHANGING HIS
STORY IN ORDER TO FIT THE TRUE STATUS OF DEFENDANT'S BODY.
 DEFENSE COUNSEL SHOULD HAVE OBJECTED TO THIS TESTIMONY AS
PERJURY, AND EVIDENCE OF PROSECUTORIAL MISCONDUCT. (RT 87, 89,
340-348)

(b) STATE REMEDIES SERE EXHAUSTED ON THIS GROUND.

(c) ISSUE WAS NOT RAISED ON APPEAL DUE TO INEFFECTIVE ASSIST-
ANCE OF APPELLATE COUNSEL.

(d) ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE
CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAN
FRANCISCO, CA  94102-4797
DOCKET # S228537
 DATED:  JANUARY 13, 2016
 RESULT:  PETITION DENIED
HEARING RECEIVED:  NO
DENIAL APPEALLED:  NO

(e) OTHER REMEDIES:  NO

CAUSE 11

INEFFECTIVE ASSISTANCE OF COUNSEL WHEN FAILING TO OBJECT WHEN
THE PROSECUTOR STATED HEARSAY EVIDENCE DURING THE CROSS-EXAMINA-
TION OF DEFENDANT, THAT COULD NOT BE CROSS-EXAMINED., IN VIOLATION
OF PETITIONER's sixth and fourteenth  amendment rights.
(a)  STATEMENT OF FACTS:

DURING THE PROSECUTOR'S CROSS-EXAMINATION OF THE DEFENDANT,
THE PROSECUTOR REFERRED TO FOUR PEOPLE DEFENDANT HAD KNOWN
TWENTY YEARS PRIOR A AND AND ASKING IF HE HAD MOLESTED THEM,
AND STATED THEIR NAMES.  THE PROSECUTOR FURTHER ASKED IF THE
DEFENDANT HAD SMOKED POT WITH THESE BOY.  IN TRUTH, DEFENDANT
DID NOT KNOW TWO OF THE PEOPLE AND HAD NOT MOLESTED OR SMOKED
POT WITH THE OTHER TWO.
   THIS EVIDENCE WAS HEARSAY AND COULD NOT BE CROSS-EXAMINED,
LEAVING THE IMPRESSION ON THE JURY THERE WERE FOUR UNCHARGED
CASES IN THE DEFENDANT'S PAST.
   THE DEFENSE COUNSEL SHOULD HAVE OBJECTED TO THIS HEARSAY
UTTERANCE FROM THE PROSECUTOR AS POSSIBLEPROSECUTORIAL MISCOND-
UCT.  (RT 548-549)

(b)  STATE REMEDIES WERE EXHAUSTED ON THIS GROUND.

(c)  ISSUE WAS NOT RAISED ON APPEAL DUE TO INEFFECTIVE ASSISTANCE
OF APPELLATE COUNSEL.
(d)  ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE
CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAN
FRANCISCO, CA  94102-4797
DOCKET # S228537
DATED:  JANUARY 13, 2016
RESULT:  PETITI   DENIED
HEARING RECEIVED:   NO
DENIAL APPEALLED:   NO

(e)  OTHER REMEDIES;  NO

CAUSE 12

TRIAL COUNSEL WAS INEFFECTIVE BECAUSE OF MULTIPLE ERROR COMMITTED
BEFORE AND DURING THE TRIAL, in VIOLATION OF PETITIONER'S SIXTH
AND FOURTEENTH AMENDMENT RIGHTS.
(a)  STATEMENT OF FACTS:

AS SHOWN IN GROUNDS 3 THROUGH 11, COUNSEL WAS INEFFECTIVE
BY FAILING TO INVESTIGATE, FAILING TO CONDUCT RESEARCH AND
TO CALL EXPERT FORENSIC EXPERTS TO COUNTER EVIDENCE PRESENTED
BY THE PROSECUTION, AND FAILING TO OBJECT DURING PROSECUTORIAL
MISCONDUCT, THERBY DENYING PETITIONER HIS SIXTH AMENDMENT RIGHT .
TO EFFECTIVE COUNSEL AND HIS RIGHT TO A FARI TRIAL AS GUARANTEED
BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.
   THE MULTIPLE ERRORS VIOLATED PETITIONER'S DUE PROCESS RIGHTS
BY RENDERING PETITIONER'S TRIAL UNFAIR.

(b)  STATE REMEDIES WERE EXHAUSTED ON THIS GROUND.

(c)  ISSUE WAS NOT RAISED ON APPEAL DUE TO INEFFECTIVE ASSIS-
TANCE OF APPELLATE COUNSEL.

(d)  ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE
CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAN
FRANCISCO, CA  94102-4797
DOCKET # S228357
DATED:  JANUARY 13, 2016
RESULT:  PETITION DENIED.
HEARING RECEIVED:  NO
DENIAL APPEALED:  NO

(e)  OTHER REMEDIES:  NO

GROUND 13

PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO A FAIR TRIAL
WHEN THE PROSECUTOR COMMITTED MISCONDUCT RENDERING PETITIONER'S
TRIAL UNFAIR WHEN: A.) THE PROSECUTOR IMPROPERLY INFLUENCED
THE JURY BY GIVING THE BAILIFF AN IMPROPER INSTRUCTION.:
B.) PROSECUTOR KNOWINGLY USED AND ALLOWED TESTIMONY SHE KNEW
TO BE UNTRUE: AND C.) PROSECUTOR UTTERED HEARSAY EVIDENCE
WHICH COULD NOT BE CROSS-EXAMINED BY THE PETITIONER.

(a) SUPPORTING FACTS:

A). PROSECUTOR MISCONDUCT - IMPROPER INFLUENCING JURY.

THIS PROSECUTORIAL MISCONDUCT IS DETAILED IN GROUND 9, P. 12d
(RT 8-11)
B). PROSECUTOR KNOWINGLY USED AND ELICITED UNTRUE TESTIMONY.

THIS PROSECUTORIAL MISCONDUCT IS DETAILED IN GROUND 10, P.12e
(RT 87-89, 340-348)
C). PROSECUTOR MISCONDUCT  UTTERED HEARSAY EVIDENCE WHICH
COULD  NOT BE CROSS-EXAMINED BY THE DEFENSE.

THIS PROSECUTORIAL MISCONDUCT IS DETAILED IN GROUND 11, P.12f
(RT 548-549
(b)  STATE REMEDIES WERE EXHAUSTED ON THIS GROUND.

(c) ISSUE WAS NOT RAISED ON APPEAL DUE TO INEFFECTIVE ASSIST-
ANCE OF APPELLATE COUNSEL.

(d) ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE
CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAN
FRANCISCO, CA  94102-4797
DOCKET # S228537
DATED: JANUARY 13, 2016
RESULT: PETITION DENIED
HEARING RECEIVED:  NO
DENIAL APPEALLED:  NO

(e) OTHER REMEDIES:  NO

GROUND 14

PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE
COUNSEL ON APPEAL WHEN COUNSEL FAILED TO RAISE CLAIMS 2 - 13,
AND 15 IN THE DIRECT APPEAL.

(a) SUPPORTING FACTS:

PETITIONER CONTENDS HE WAS DENIED EFFECTIVE COUNSEL ON APPEAL
BECAUSE APPELLATE CO NSEL FAILED TO RAISE SAID GROUNDS ON DIRECT
APPEAL, DESPITE THE FACT THAT THESE GROUNDS WERE FOUND IN THE
RECORD.
     AFTER PETITIONER WAS CONVICTED IN SUPERIOR COURT, HE HIRED
AND ATTORNEY TO WRITE THE APPEAL. THE ATTORNEY, DANNY BRACE,
PROMISED THE PETITIONER THEY WOULD WORK ON THE APPEAL TOGETHER.
     PETITIONER WAS NOT PROVIDED TRANSCRIPTS OF HIS TRIAL UNTIL
HE DEMANDED THEM DURING HIS PREPARATION OF HIS FIRST PETITION
FOR HABEAS CORPUS, AND FOR THIS REASON, THE DISTRICT COURT
JUDGE GRANTED HIM A STAY AND ABEYANCE SO HE COULD RECEIVE HIS
TRANSCRIPTS AND EXHAUST ALL HIS CLAIMS.
     COUNSEL FAIL TO KEEP HIS PROMISE AND NEVER CONSULTED PETITIONER
DURING THE PREPARATION OF THE DIRECT APPEAL, AND SENT THE
"OPENING BRIEF AFTER IT HAD ALREADY BEEN SUBMITTED. PETITIONER
WROTE NUMEROUS LETTERS TO MR. BRACE REGARDING HIS IMPACT ON
THE PROCESS, BUT HIS COMMUNICATIONS WERE NEVER ACKNOWLEDGED.
     COUNSEL RAISED GROUNDS 1 and 2 IN THE DIRECT APPEAL, BUT
ONLY LISTED GROUND 1 IN THE PETITION FOR REVIEW. THEREFORE,
GROUND 2 WAS NOT "FEDERIZED" UNTIL PETITIONER RAISED IT, ALONG
WITH GROUNDS 3 - 15 IN HIS PETITION FOR HABEAS CORPUS IN THE
STATE SUPREME COURT OF CALIFORNIA.

(b) STATE REMEDIES WERE EXHAUSTED ON THIS GROUND.

(c) ISSUE WAS NOT RAISED ON APPEAL DUE TO INEFFECTIVE ASSIST-
ANCE OF APPELLATE COUNSEL.

(d) ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE
CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAND
FRANCISCO, CA 94102-4797
DOCKET # S228537
DATED JANUARY 13, 2016
RESULT: PETITION DENIED
HEARING RECEIVED: NO
DENIAL APPEALLED: NO

(e) OTHER REMEDIES: NO

GROUND  15

THE TRIAL COURT VIOLATED PETITIONER'S RIGHT TO A FAIR TRIAL
BY JURY BY  ADMONISHING THE JURY WITH AN AMBIGUOUS JURY INSTR-
UCTION .  THEREFORE, PETITIONER'S FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED.

(a)  STATEMENT OF FACTS:

DURING THE DELIVERY OF THE JURY INSTRUCTIONS TO THE JURY, ON
DEFINING REASONABLE DOUBT, THE JUDGE STATED: "YOU CAN'T ELIMINATE
ALL DOUBT.  THERE IS ALWAYS SOME DOUBT."
   THIS INSTRUCTION WAS AMBIGUOUS WITH A REASONABLE LIKELIHOOD
THAT THE JURY APPLIED THE INSTRUCTION IN A WAY THAT RELEASED
THE STATE OF ITS BURDEN OF PROVING EVERY ELEMENT OF THE CRIME
BEYOND A REASONABLE DOUBT.
   PETITIONER'S COUNSEL NOT ONLY FAILED TO OBJECT TO THIS INSTR-
UCTION , HE AGREED WITH THE PROSECUTOR  THAT IT COULD BE USED,
PREJUDICING THE PETITIONER AND VIOLATING DUE PROCESS.   THIS
INSTRUCTION, PART OF CALCRIM 103, PREJUDICES THE PETITIONER
BECAUSE IT GAVE THE JURY PERMISSION TO HAVE DOUBT ABOUT EVERY-
THING, THUS RELIEVING THE STATE OF ITS BURDEN TO PROVE EVERY
ELEMENT OF THE OFFENSE.  (RT 33)

)b)  STATE REMEDIES WERE EXHAUSTED ON THIS GROUND.

(c)  ISSUE WAS NOT RAISED ON APPEAL DU E TO INEFFECTIVE ASSIST_
ANCE OF APPELLATE COUNSEL.

(d)  ISSUE WAS RAISED IN A PETITION FOR HABEAS CORPUS IN THE
CALIFORNIA STATE SUPREME COURT, 350 McCALLISTER STREET, SAND
FRANCISCO, CA  94102-4797
DOCKET # S228537
DATED JANUARY 13, 2016
RESULT: PETITION DENIED.
HEARING RECEIVED:   NO.
DENIAL APPEALLED:   NO.

(e)  OTHER REMEDIES  :  NO.

13.   Please answer these additional questions about the petition you are filing:

      (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

            having jurisdiction?    ☒ Yes       ☐ No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

            presenting them:   _____

            _____

            _____

            _____

      (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which

            ground or grounds have not been presented, and state your reasons for not presenting them:

            _____

            _____

            _____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

      that you challenge in this petition?          ☒ Yes       ☐ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

      raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

      of any court opinion or order, if available.

      PETITIONE FOR WRIT OF HABEAS CORPUS, GIVEN STAY AND ABEYANCE
TO EXHAUST STATE CLAIMS. THIS PETITION SHOUL LIFT THE STAY
AND ALLOW THE COURT TO CONSIDER THIS PETITION.
DOCKET # 2:14-cv-00223EFB

      _____

      _____

      _____

      _____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

      the judgment you are challenging?        ☐ Yes      ☒ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

      raised.   _____

      _____

      _____

      _____

      _____

      _____

AO 241
(Rev 01/15)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:     DANNY BRACE, 901 H Street, Suite 500,
Sacramento, CA   95814

(b) At arraignment and plea:     DANNY BRACE

(c) At trial:  DANNY BRACE

(d) At sentencing:    DANNY BRACE

(e) On appeal:  DANNY BRACE

(f) In any post-conviction proceeding: PETITION FOR REVIEW - DANNY BRACE

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes     ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(e) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes     ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with
        respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
        under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     Granting of the Writ of
habeas corpus.    Cancellation of Restitution fines and Direct
Order.    Refunding of any fines paid.

Evidenciary Hearing requested.

or any other relief to which petitioner may be entitled.

                                                    _____
                                                    Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on     **2/3/2016**   (month, date, year).

Executed (signed) on     **2/2/2016** (date).

                                                    _____
                                                    Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

# EXHIBIT

"                                              "

ONE



Court of Appeal, Third Appellate District - No. C066882

### S207430

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

THE PEOPLE, Plaintiff and Respondent,

v.

HOWARD MARTIN HARMLESS, Defendant and Appellant.

---

The petition for review is denied.

SUPREME COURT
**FILED**

JAN **2 3** 2013

**Frank A. McGuire Clerk**

Deputy

CANTIL-SAKAUYE

*Chief Justice*

Court of Appeal, Third Appellate District - No. C066882

**S207430**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

HOWARD MARTIN HARMLESS, Defendant and Appellant.

The petition for review is denied.

SUPREME COURT
**FILED**

JAN **2 3** 2013

Frank A. McGuire Clerk

_____
Deputy

CANTIL-SAKAUYE

*Chief Justice*

# EXHIBIT

" TWO "

S228537

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re HOWARD M. HARMLESS on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JAN **1 3** 2016

Frank A. McGuire Clerk

Deputy

CANTIL-SAKAUYE

*Chief Justice*

# EXHIBIT

" 2 "

TABLE OF AUTHORITIES
CASES
Pages 9,11,12a,12b,12c,12d,12e,12f,12g,12h
  Blakely v. Washington, 542 U.S. 296 (2004)
  Cunningham v. California 126 S.Ct. 856 (2007)
  Solem v. Helm 463 U.S. 475 (1973)
  Harmelian v. Michigan, 501 U.S. 957 (1991)
  Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104
  S.Ct. 2527 (1984)
  Riley v. Payne, 352 F.3d 1313 1324 (9th Cir. 2003)
  Rompilla v. Beard, 545 U.S. 374, 162 L.Ed.2d 360, 125 S.Ct.
     2527 (2003)
  Wiggins v. Smith, 123 S.Ct. 2527 (2003)
  Reynoso v. Giorino, 462 F.3d 1099 (CA9 2006) p.1112
  Delaware v. VanArsdall 475 U.S. 673,680 106 S.Ct., 1432 89
  L.Ed.2d 674 (2003)
  Hunter v. Massie, 2000 U.S. App. Lexis 1232 (10 Cir. 2000)
Pages 12a,12b,12c,12d
  Richter v. Hickman, 578 F.3d 944 (9 Cir. 2009)
  Melendez-Diaz v. Massachussets, 129 S.Ct. 2527 (2009)
  Baylor v. Estelle, 94 F.3d 132 (9 Cir. 2009)
Pages 12e,12f,12g,12i
  Pointer v. Texas, 380 U.S. 400, 13 L.Ed.2d 923 85 S.Ct. 1065
  (1965)
  Napue v. Illinois, 360 U.S. 264, 3 L.Ed.2d 1217, 79S.Ct. 1173
  (1959)
  Davis v. Alaska, 415 U.S. 311 L.Ed.2d 347 94 S.Ct. 1105 (1974)
  Chambers v. Mississippi, 470 U.S. 284, 35 L.D.2d 297, 93 S.Ct.
   1038 (1973)
  Berger v. U.S., 78, 88, 79 L.Ed.2d 1314, 55 S.Ct. 629 (1935)
  Darden v. Wainwright, 477 U.S., 168 (1986)
Page 12j
  Evitts v. Lucey, 469 U.S. 1342 387, 83 L.Ed.2d 821 S.Ct. 830
  (1995)
  Thompson v. U.S., 504 F.3d 1203 (11 Cir. 2007)
  Smith v. Robbins 528 U.S. 259 (2000)
Page 12k
  Waddington v. Sarasaud, 129 S.Ct. 823, 172 L.Ed.2d 352 (2009)
  Cupp v. Naughton, 414 U.S, 141 38 L.Ed.2d 368, 94 S.Ct. 396
  (1973)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HOWARD M. HARMLESS

**(b)** County of Residence of First Listed Plaintiff **AMADOR**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

J. LIZZARAGA, WARDEN

County of Residence of First Listed Defendant **AMADOR**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U S Government
Plaintiff

☒ 3  Federal Question
*(U S Government Not a Party)*

☐ 2  U S Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☒ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*

Brief description of cause:

## VII. REQUESTED IN
## COMPLAINT:

☐  CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F R Cv P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☐ No

## VIII. RELATED CASE(S)
## IF ANY

*(See instructions)*

JUDGE _____    DOCKET NUMBER _____

DATE    SIGNATURE OF ATTORNEY OF RECORD

Proof of Service by Mail

[Case Name and Court Number]  2:14 - CV - 00223 EFB

I declare that:

I am a resident of _Mula CRAAK S.P._ in the county of _Amador_

California. I am over the age of 18 years. My residence address is:

_Mula CRAAK S.C., B9-137L, P.O. Box 409040, IONE, CA 95640_

On _2/3/16_ , I served the attached _Petition For Writ of Habeas Corpus of the_

_Court_ _____ in said case by placing a true copy thereof enclosed in a

sealed envelope with postage thereon fully paid, in the United States mail at: _Mula CRAAK S.P._

_B9-137L, P.O.Box 409040, IONE, CA 95640 - 9040_

addressed as follows:

_Clerk of The U.S. District Court_

_For The Eastern District of California_

_501 I Street, Suit 4-200_

_Sacrament, CA 95814_

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on th date _Feb. 2_

of _2016_ _____ at: _IONE_ , _____ , California.

_Howard M. Harmless_
[Type or Print Name]

_Anglee_
[Signature]