UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD MARTIN HARMLESS, | No. 2:14-cv-00223 JAM DB |
| Petitioner, | |
| v. | <u>ORDER</u> |
| J. LAZZARAGA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to hold an evidentiary hearing and to appoint counsel (ECF No. 36), motion to expand the record (ECF No. 41), and motion for discovery (ECF No. 42). Respondent opposes the motions. (ECF No. 43.) For the reasons outlined below, the court denies each motion.

The court will first address petitioner's motions to expand the record and for discovery (ECF Nos. 42; 43) because the evidence sought in those motions is at the core of petitioner's request for an evidentiary hearing and for counsel to represent him at the hearing (ECF No. 36).

I. **<u>Motion to Expand Record and Motion for Discovery</u>**

Petitioner moves the court to expand the record and afford him additional discovery so that he may prove claims 10 and 13. (ECF Nos. 41; 42.) Specifically, petitioner requests discovery related to the prosecution's interviews of the primary prosecution witness at trial.

1

Petitioner seeks documentation of the interviews with this witness, the work product of the prosecutor, as well as any statements discovered during the investigation of his case. (ECF No. 42.)

In his motion for an evidentiary hearing (ECF No. 36), petitioner explains in greater detail what information he is seeking and the reason for the discovery requests. In that motion, petitioner specifies that he is seeking additional information to prove claims 10 and 13 in his petition, which are: (10) Ineffective assistance of counsel for failure to object when the prosecutor purportedly elicited perjured testimony from the primary prosecution witness; and (13) Prosecutorial misconduct rendering the trial unfair through the purported eliciting of perjured testimony of the primary prosecution witness. (Id. at 2-6.)

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and limit the extent of discovery." Before deciding whether a petitioner is entitled to discovery under Rule 6(a), the court must first identify the essential elements of the underlying claim. See Bracy, 520 U.S. at 904. The court must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his or her claim. See id. However, "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Williams v. Taylor, 529 U.S. 420, 437 (2000).

Federal habeas claims are analyzed under the framework of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. In Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011), the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." This effectively precludes federal evidentiary hearings for such claims because the evidence adduced during habeas proceedings in federal court could not be considered in evaluating whether the claim meets the requirements of § 2254(d). See id. at 187 n. 11 ("[Petitioner] has failed to show that the

[state court] unreasonably applied clearly established federal law on the record before that court, which brings our analysis to an end.") (internal citations omitted).  In Runningeagle v. Ryan, 686 F.3d 758, 773–74 (9th Cir. 2012), the Ninth Circuit explained that Pinholster governs discovery, expansion of the record and evidentiary hearings.  Thus, Pinholster bars a habeas court from any further factual development on these claims, unless the court first determines that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it.  Pinholster, 563 U.S. at 202 n. 20.

Here, the California Supreme Court rejected claims 10 and 13 on their merits in the state habeas proceedings, holding that counsel was not ineffective and that petitioner was not prejudiced by prosecutorial misconduct.  (See ECF No. 1 at 3, 17, 20, 31.)  Pinholster thus does not permit discovery absent the showing discussed above.  See Gulbrandson v. Ryan, 738 F.3d 976, 993 (9th Cir. 2013) ("Thus, for claims that were adjudicated on the merits in state court, petitioners can rely only on the record before the state court in order to satisfy the requirements of § 2254(d)").  Accordingly, discovery is not warranted until and unless petitioner makes a threshold showing that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it.

Petitioner bears a heavy burden to show that his ineffective assistance of counsel and prosecutorial misconduct claims meet the § 2254(d) requirements, in light of the doubly-deferential standard under AEDPA and the Strickland standard of review for ineffective assistance of counsel.  Harrington v. Richter, 562 U.S. 86, 105 (2011).  In the motions to expand the record, for discovery, and for an evidentiary hearing, petitioner fails to address how he has met the § 2254(d) threshold showing as required in Pinholster -- that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it.  Accordingly, the court will deny the motions for discovery and expansion of the record (ECF Nos. 41; 42) on the basis that petitioner has yet to show that 28 U.S.C. § 2254(d) applies.

////

////

Furthermore, petitioner's motions for discovery and expansion of the record are not warranted on the basis that he has not demonstrated that he has met the statutory requirements set forth in 28 U.S.C. § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In accordance with the statutory requirement, petitioner needs to first demonstrate that his failure to develop the factual basis of a claim in state court proceedings is excused under the express exceptions set forth in § 2254(e)(2)(A)(i) or (ii) and (B). The Supreme Court has interpreted "failed" to mean "lack of diligence or some other fault." Williams v. Taylor, 529 U.S. 420, 434 (2000). Petitioner neglects to address this in his motion. Nowhere in petitioner's motion does he show that he made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court, that he made a request for evidentiary hearing that the state court denied, or that the efforts to discover the facts now sought by petitioner would have been in vain. See § 2254(e)(2)(A)(ii); Williams, 529 U.S. at 435.

"The focus of [§ 2254(e)(2)] is . . . on limiting the discretion of federal district courts in holding hearings." Pinholster, 563 U.S. at 185 n.8. Because Petitioner has failed to develop the factual basis of his claim by properly seeking to augment the state court record on appeal, he has failed to show this court can exercise its discretion to allow expansion of the record here.

Therefore, for the foregoing reasons, the court will deny the motions for discovery and expansion of the record (ECF Nos. 41; 42) without prejudice. Petitioner may refile these motions

if he can make a threshold showing that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it. Or he may refile if he can show that he made a reasonable attempt to investigate and pursue these claims in state court and to discover the facts he now seeks. Additionally, as noted below concerning the motion for an evidentiary hearing, the court will address sua sponte whether an expansion of the record is warranted when the merits of the petition are considered.

## II. Motion for Evidentiary Hearing and to Appoint Counsel

### A. Evidentiary Hearing

As noted above, petitioner requests that the court convene an evidentiary hearing so that he may present additional evidence -- which he is seeking in discovery -- to prove claims 10 and 13. (ECF No. 36).

The Supreme Court has made clear that in determining whether an evidentiary hearing is warranted under 28 U.S.C. 2254(e)(2), the court must consider the standards for habeas relief under section 2254(d). See Pinholster, 563 U.S. at 183 (2011) ("'[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.'") (quoting Schiro v. Landrigan, 550 U.S. 465, 474 (2007)). In other words, the process of determining whether an evidentiary hearing should be granted necessarily includes an analysis of both sections 2254(d) and 2254(e)(2). See Pinholster, 563 U.S. at 183-86; see also Landrigan, 550 U.S. at 474 ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

In light of this analytical overlap and the overwhelming demand on the court's docket, the court finds that the most prudent approach is to defer a decision on whether an evidentiary hearing is appropriate until the court conducts a section 2254(d) analysis. See Landrigan, 550 U.S. at 473 (decision to grant an evidentiary hearing generally left to the sound discretion of the district court) (citations omitted).

////

Therefore, petitioner's request for an evidentiary hearing will be denied without prejudice and the court will address sua sponte whether an evidentiary hearing is warranted when the merits of the petition are considered.

### B. Appointment of Counsel

Petitioner has requested the appointment of counsel because of the complexity of the petition, the potential impact on California law, violations of federal civil rights, and petitioner's lack of legal training. (ECF No. 36 at 4-6.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Other than merely restating the factors that the court should take into consideration for the appointment of counsel, petitioner does not demonstrate that his case is so unique that justice requires the appointment of counsel. Accordingly, petitioner's request for counsel will be denied without prejudice to a renewal of the motion at a later stage of the proceedings.

### III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion for an evidentiary hearing (ECF No. 36) is denied without prejudice;

2. Petitioner's motion to appoint counsel (ECF No. 36) is denied without prejudice to a renewal of the motion at a later stage of the proceedings;

3. Petitioner's motion to expand the record (ECF No. 41) if denied without prejudice; and

////
////
////
////

4. Petitioner's motion for discovery (ECF No. 42) is denied without prejudice.

Dated: June 29, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / harm.0223.110.hrg.disc_v2