1  H.M.Harmless  AF 5172
   Mule Creek S.P.  B9-137L
2  P.O. Box 409040
   Ione, CA  95640
3
   Petitioner, Pro Se
4

**FILED**

OCT 25 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

5              UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8  HOWARD MARTIN HARMLESS,        )   NO:  2:14-cv-00223-JAM-DR
                                  )
9                                 )   MOTION FOR AN EVIDENTIARY
                                  )   HEARING: SECOND REQUEST.
10                 PETITIONER,    )
                                  )
11                                )
                                  )
12     v.                         )
                                  )
   J. LIZARRAGA,   WARDEN         )
13                                )
                                  )
14                 RESPONDENT     )
                                  )
15  _____)

16      Petitioner, HOWARD MARTIN HARMLESS, filed, on December 22,

17  2016, a Motion for an Evidentiary Hearing, a Motion to Expand

18  the Record, and a Motion for Discovery.

19      On January 26, 2017, Respondent submitted his opposition

20  to the above motions, citing certain restrictions to admitting

21  new evidence in federal court, found in  28 U.S.C. §2254 (d)

22  and 28 U.S.C. §2254 (e)(2)).

23      On June 29, 2017,  Deborah Barnes, U.S. Magistrate Judge

24  issued an Order denying Petitioner's Motions of December 22,

25  2016, without prejudice, citing "Pinholster, U.S. at 183

26  (2011)"' [B]ecause the deferential standards presecribed by

27  §2254 control whether to grant habeas relief, a federal court

28

                              1

must take into account these standards in deciding whether an evidentiary hearing is appropriate.'") (quoting Schiro v. Landrigan, 550 U.S. 465, 474 (2007). In other words, the process of determining whether an evidentiary hearing should be granted necessarily includes an analysis of both sections 2254(d) and 2254(e)2). See Pinholster, 563 U.S. at 183-86; see also Landrigen 550 U.S. at 474 ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the Petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.")

It is understood by this petitioner that "ignorance of the law is no excuse", but the reality of the layman's sophistication level regarding legal procedures reveals a deck stacked heavily against him. In the petitioner's case, he relied on his trial counsel to properly represent and defend him. He relied on his counsel to tell him the truth and advise him in good faith. As is evident in petitioner's petition, he did not receive effective counsel, and in this instance, was lied to by counsel, causing him to be in the position he is in today without having presented his concern regarding the recordings of the Sheriff's initial interviews with his accuser to the state courts for exhaustion.

The petitioner pointedly asked his counsel if he could get a copy of the recordings of the interviews and was told, "No", purportedly due to the age of the accuser. For this reason, petitioner did not raise this question in state court. It was

only when petitioner was transferred to Mule Creek State Prison that he discovered that other inmates had, in fact, gained access to recordings of a similar nature and origin. Upon learning this, he filed a motion for Discovery and an Evidentiary Hearing to gain access to and submit this evidence, which will support petitioner's claims and show he was wrongly convicted. It is not an understatement to say that petitioners in our circumstances are at the mercy of the legal system. We are not attorneys, and it is only after time and vast amounts of research and energy do we begin to see the mistakes made that cost us our freedom. Although the Respondent will disagree, petitioner made his best effort to obtain this evidence, beginning when he asked his counsel if he could gain access to these recordings and obtain a copy. An Evidentiary Hearing on this matter "could enable the petitioner to prove the petition's factual allegations, which, if true, would enable the applicant to habeas relief." (Pinholster, 563 U.S. at 183-86; see also Landrigan, 560 U.S. at 474).

The petition points out many cases of ineffective assistance of counsel on behalf of petitioner's defence. That counsel gave petitioner information that subsequently led petitioner to believe that he could not legally obtain this evidence, so the issue was never raised in state court, is the real issue here. It would be unreasonble for an unsophisticated, trusting defendant, to not believe that what an officer of the court told him. This evidence should have been presented at trial to give 'the whole picture' around the generation and content of these recordings.

3

In Espinoza v. Spearman, 661 Fed. Appr. 910, 2016 U.S. App.
Lexis 17259, No. 13-57167 (9th Cir) 2016, it is noted, by the
Supreme Court, "Finally we noted that neither Cullen v. Pinholster
or Landrigan applies to Espinoza's request for an Evidentiary
Hearing.  As we have stated, 'Pinholster precludes the consider-
ation of new evidence only for the purpose of determining whether
the last reasoned state court decision was contrary to an
unreasonable application of clearly established law or an unrea-
onable determination of the facts under  2254 U.S.C. (d).

Espinoza's state court record was insufficient to support
the denial of his Strickland (Strickland v. Washington, 466 U.S.
66880 L.Ed.2d 674 (1984))claim and he was entitled to an Evid-
entiary Hearing on counsel's failure to interview two witnesses.
As Strickland maintains, a defendant need not show that counsel's
deficient conduct more likely than not altered the outcome in the
case.  Rather, a defendant must show a reasonable probability
that, absent counsel's errors, the fact finder would have had a
reasonable doubt as to his guilt.  A reasonable probability is
a probability sufficient to undermine confidence in the outcome.
Determining prejudice in the context of a failure to investigate
obviously requires considering the strengths of the government's
case.

For those petitioners in a similar situation, congress left
the decision to hold a hearing "to the sound discretion of dis-
trict court. (Pinholster, 563 U.S. quoting Landrigan 550 U.S.).
"Deference due to the state court's findings and the strong

4

presumption that counsel acted competently indicated that the summary denials of the prisoner's state habeas petitions were properly based on the lack of a showing that the marginally mitigating evidence was improperly, rather than strategically withheld by counsel."

In Petitioner's case, the evidence he seeks bears on the testimony of the prosecution's main witness.  THe recordings could well show the counseling, coaching, or, perhaps, the coersion of the witness in order to obtain a testimony which then fits the truth.

§2254 (e)(2) limits the federal habeas court's discretion to take new evidence in an evidentiary hearing.  At a minimum, §2254 (e)(2) still restricts their discretion in claims that were not adjucicated on the merits in a state court, although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory schema is designed to strongly discourage them from doing so.   Pinholster, 563 U.S. 170).

The petitioner understands the limiting factors of AEDPA, but also is aware that the district court has the discretion to grant an Evidentiary Hearing based on the lack of diligence that falls in the lap of counsel, and the evidence is certainly more than of a mitigating nature.

Willams v. Taylor, 529 U.S. 420, 146 L.Ed.2d 435, 120 S.CT. 1479 (2000) states, "On Certiori, the United States Supreme Court affirmed in part, reversed in part, and remanded the case for further proceedings.  In a opinion by Kennedy, J., Expressing

the unanimous view of the court, it was held that (1) the "failed
to develop" clause of  2254 (e)(2) did not apply in every case
where a petitioner had not developed the factual basis for a
claim in state court, but only where there had been a lack of
diligence, or some greater fault, attributed to the petitioner
or  the petitioner's counsel.

Petitioner was diligent in preparing a petition with fifteen
well-researched claims.  He was diligent in exhausting of state
remedies regarding those claims.  Petitioner's attorney only
made three claims in his opening brief, and failed to provide
any cites for one of those.  This same attorney had told pet-
itioner he could not obtain the evidence on the recordings.

Petitioner 'picked up' the remains' o. a shell of a case,
and was diligent in his efforts to exhaust his state remedies
on the claims that should have been in the opening brief.
THerefore, it is argued that petitioner was diligent and would
have brought this evidence before the state supreme  court to
exhaust the state remedy.  Had his attorney not told him he
could not have the evidence on the recordings, he would have
determined he needed to do so.  THerefore, petititioner was
diligent, and made his best effort in good faiths.

To further elaborate, in Williams v. Taylor, 529 U.S. 420,
146 L.Ed.2d 435, 120 S. Ct. 1479 (2000), it states in the
Headnotes from Clasified to the United States Supreme Court
Digest, Lawyer's Edition, under Habeas Corpus §121 – Evidentiary
Hearing – Failure to Develop Factual Basis, 1a – 1k:
"..(1)  The interpretation of §2254(e)(2) starts with the language

6

1  of the statute;

2  (2)  "Fail" in its customary and preferred sense, connotes some

3  omission, fault, or negligence on the part of the person who has

4  failed to do something;

5  (3)  If Congress had intended §2254 (e)(2) to apply regardless

6  of fault, then congress could have made its intent plain by using

7  the phrase "did not" in place of "has failed to";

8  (4)  §2254 (e)(2), by using similar language to the threshhold

9  standard of diligence, codifies that standard;

10  (5)  A contrary interpretation of §2254 (e)(2) could (a) bar

11  meritorious claims that were not developed in state court due

12  to Prosecutorial concealment of facts, and (b) thus create

13  needless tension with §2254 (d)."

14

15      It is the opinion of the petitioner that his claim is certainly

16  meritorous, and that the prosecutor concealed the methods by which

17  the testimony given in court by the prosecution's key witness was

18  generated.

19      In the Headnotes of Keeney v. Reyes, 504 U.S. 1, 118 L.Ed.2d

20  318, 112 S. St. 1715 (1992), under Classified to United States

21  Supreme Court Digest, Lawyer's Edition, Habeas Corpus §14.5, 16 -

22  by state prisoner in federal court - exhaustion of state remedies.

23  1.  "Federal Courts have power under the Federal Habeas Corpus

24  Statute (28 U.S.C. 2241) to grant relief despite the applicant's

25  failure to have pursued a state remedy not available to him at the

26  time he applies;...

27  Habeas Corpus §121 - By State Prisoners in Federal Court -Hearing

28

7

!5. Even if a state court adjudication of federal constitutional rights turns wholly on primary, historical fact, a federal district court has a broad power on habeas corpus to hold an evidentiary hearing and determine the facts.

Enlarging on this point, it states in the Headnotes of Frank v. Mangum, 59 L.Ed.969 U.S. 309, as follows:

4.) THe proceedings in the state appellate tribunal are to be regarded as part of the process of law under which he (the prisoner) is held in custody by the state, and are to be considered in determining any question of alleged deprivation of his life or his liberty without due process of law, contrary to the 14th Amendment to the Federal Constitution.

5.) The courts of the United States, upon an application for a writ of habeas corpus under U.S. Rev. Stat. §§754-761, Comp. Stat. 1913 §§1282-1289, in befalf of a person held in custody under the final judgement of a state court of criminal jurisdiction, may look beyond form and inquire into the very truth and substance of the causes of his detention, although this may necessitate an inquiry into the judicial facts outside the record of his conviction.

In Bracy v. Gramley, 520 U.S. 899, 138 L.Ed.2d 97, 117 S.Ct. 1793 (1997), the Supreme Court cited Harris v. Nelson, 394 U.S. 286... "we concluded that the 'broad discovery provisions of the Federal Rules of Civil Procedure do not apply in habeas proceedings. We held, however, that the All Writs Act, 28 U.S.C. §1651, gave federal courts the power to 'fashion appropriate modes of

8

procedure', ...including discovery, to dispose of habeas petitions 'as law and justice require,'...Accordingly, in 1996 we promulgated and Congress adopted the Rules Governing §2254 cases. Of particular relevance to this case is Rule 6 (a), which provides: 'A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if and to the extent that, the judge in the exercise of his discretion and, for good cause shown, grants leave to do so, but not otherwise.'  In Harris, we stated that 'where specific allegations before the court show reasons to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."

These findings support the authority of the district court judge to inquire into the judicial facts outside the record.to get to the truth and very substance of the couases of petitioner's detention.  (Frank v. Mangum, U.S. 309).

THe Claims of the plaintiff at the center of this request are Claims (Grounds) 10 and 15 in the petition.  These claims cite both ineffective assistance of counsel and possible prosecutorial misconduct in relation to the testimony given by the prosecutor's key witness in court.- testimonty that had changed dramatically from statements he had made to the Sheriff's team of interviewers.  In effect, the petitioner is alleging the testimony given by this witness at trial was the product of a methodology of applying influence, coaching, and, perhaps, coer-

sion.  Once the prosecutor found out from the trial counsel that
the intitial statement given by her witness regarding petitioner's
physiology was completely wrong, the witness changed his statement
to fit reality, and the result was the testimony give in the trial;
therefore, there is reason to examine the evolution of that test-
imony and to warrant debate in an Evidentiary Hearing.

In summary, federal judges agree that federal habeas is not
the platform to develop fact-based claims.  The federal court must
give the state court the benefit of the doubt, yet the federal
district courts retain jusrisdiction for de novo reviews.  If
the    petitioner presents evidence in a claim that, at least,
a fair-minded jurist of reason would debate that the issues
need to be at least further developed, the jurists of reason do
not have to agree that the claims would be successful; all that
has to be met is that the issues are at least debateable.

For example, in 19 Supp. 870::Wilson v. Lanagna:: 1927, it
states as follows:  "...the evidence falls short of proving the
allegations of the petition, but it does establish the following
facts: "While is is not incumbent on me to inquire into the guilt
or innocence of the petitioner, the parties have deemed it of
some materiality to show what transpired at the Hamden County
Jail before the trial took place."  In this case, the judge
accepted there was enough evidence to warrant expansion of the
record and to debate any facts uncovered.

ANother factor governing §2254 cases is Rule 8, which is
summarized below:

(A) Determining whether to  hold a hearing

    if the petition is not dismissed, the judge must review the
transcripts, the Answer, the Traverse, and records of state
court proceedings, and any materials submitted under Rule 7 to
determine whether an evidentiary hearing is warranted

(B)  A judge may, under 28 U.S.C. §636(b), refer the petition to
a magistrate judge to conduct hearings and to file proposed find-
ings of fact and recommendations for disposition.

    REgarding necessary Discovery, petitioner should have access
to the initial statements made by the main prosecution's witness,
and the interviewing process.  In the Headnotes of Crawford v.
Washington, 158 L.Ed.2d 177, 541 U.S. 36, it states the following
regarding the Confrontation Clause of the 6th Amendment:

(3)  The clause applied to "witnesses" against an  accused — in
other words, those who bore testimony where (a)  "testimony" was
typically a solemn declaration or affirmation made for the
purpose of establishing or proving some fact; and (b)  an accuser
who made a formal statement to government officials bore testimony
in a sense that a person who made a casual remark to an acquain-
tance did not.

(5)  Various formulations of this core class of "testimonial"
circumstances that would lead an objective witness reasonably to
believe that the statements would be available for use in a
trial.

(8)  Statements taken by police officer in the course of interr-
ogations also were testimonial under even a narrow standard, for

11

the involvement of government officers in the production of test-

imonial eveidence (P. 190 (180)) presented the same risk, regard-

less of whether the officers were police or justices of the peace.

Therefore, petitioner should have access to the recorded

interviews as, "Statements taken by police officers in the course

of interrogations also were testimonial under even a narrow stan-

dard."

The cold fact of the counsel's refusal to obtain the recorded

interviews   that he told petitioner he could not have access to

them, has created the basis for the need for an evidentiary hear-

ing, and is typical of his performance as shown by the numerous

claims of ineffective assistance of counsel in the petition.  THe

demonstrated ineffectiveness of counsel supports the need for

discovery of this evidence as discussed in McDaniel  v. United

States District court, 127 F.3d 886, 833 (9th Cir., 1997), in

that the "District Court did not err in ordering discovery

where petitioner's allegations of ineffective assistance of counsel

were not purely speculative or unsupported by the record).  In

Pham v. Terhune, 400 F.3d, 740, 743 (9th Cir., 2005), it was

found that a district court abuses its discretion in not order-

ing discovery when discovery is essential for the habeas petitioner

to "fully develop" his underlying claim.  Moore v. Gibson is

especially relevant in light of the claim of potential coaching

or coersion of the prosecution's main witness to change his test-

imony to fit petitioner's body description.

Petitioner has prepared an Affidavit testifying to the fact

that he made his best effort in good faith to obtain this evidence

from his counsel, but was told he could not have access to it. The Affidavit is shown as Exhibit A.

These arguments, supported by appropriate case law and Rules of Civil Procedure clearly show the District Court Judge has the discretion to order an evidentiary hearing and grant the petitioner access to discovery materials.

It is hereby requested that the Petitioner be granted an Evidentiary Hearing and discovery of this evidence.

DATED: 10/19 , 2017

HOWARD M. HARMLESS
PETITIONER PRO SE

1

VERIFICATION

2

3    I, HOWARD MARTIN HARMLESS, petitioner in the above-entitled
4    cause, hereby declare under the penalty of perjury, that I have
     read the the above and know the contents therein to be true and
5    correct.

6    Executed on this ___19___ day of October. 2017 at Mule Creek
     State Prison in Ione, California
7

8                                              _____
                                               HOWARD M. HARMLESS
9                                              DECLARANT/PETITIONER PRO SE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    14

# TABLE OF AUTHORITIES

<u>CASE CITATIONS</u>                                         PAGE

Bracy v. Gramely, 520 U.S. 899, 138 L.Ed.2d 97 117 S.Ct. ....8
     1973 (1997)
Crawford v. Washington, 158 L.Ed.2d 172, 541 U.S............11
Cullen v. Pinholster, 536 U.S. 170, 131 S.CT. ...1, 2, 3, 4, 5
Espinoza v. Spearman, 661 Fed. Appr. 910,2016 U.S. App ......4
Frank v. Mangum , 59 L.Ed. 969 U.S.......................8, 9
Harris v. Nelson, 394 U.S. 286..........................8, 9
Keeney v. Reyes, 504 U.S. 1, 118 L.Ed.2d 318, 112 S.CT. .....7
McDaniel v. United States District Court, 127 F.3d 866......12
Moore v. Gibson, 195 F.3d 1152 (9th Cir., 1999)............12
Pham v. Terhune, 400 F.3d 740, 743 (9th Cir., 2004).........12
Strickland c. Washington, 466 U.S. 668, 80 L.Ed.2d 674.......4
     104 S.CT. 2052 (1894)
Williams v. Taylor, 529 U.S. 420, 146 L.Ed.2d 435, 120....5, 6
     S.CT.  1474 (2000)
Wilson v. Lanagna:: 19 Supp 870, 1927.................5, 6, 10


<u>STATUTES</u>

18 U.S.C. §3006 (A) ........................................2
28 U.S.C. §636 (b)........................................11
28 U.S.C. §1651...........................................8
28 U.S.C. §2241...........................................7
28 U.S.C. §2254 (d)..................................1, 4, 7
28 U.S.C. §2254 (e)(2)..............................1, 5, 6, 7
28 U.S.C. §2254 Rule 6....................................8
28 U.S.C. §2254 Rule 8 ...................................6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

AFFIDAVIT IN SUPPORT OF HOWARD M. HARMLESS

CASE#  2:14-cv-00223-JAM-DB

      Motion for an Evidentiary Hearing:  Second Request

      On or about the middle of November, 2009, my attorney, Danny Brace visited me at the El Dorado County Jail. He had with him some of the transcribed interviews of the primary witness for the prosecution conducted by the El Dorado County County Sheriff's Office.

      Mr. Brace read some of the transcript, wherein, the witness clearly stated that I was uncircumcized.  Brace asked me if that was true, and I stated it was not, that I was circumcized.  He said, "Well, that's important."

      I asked him at that time if I could have access to the transcribed statements, and he said I could not 'due to the age of the witness'.

      Mr. Brace then proceeded to tell the prosecutor of the lack of truth to the statements by the witness, and, within a short period of time (according to the trial transcripts), the witness reversed his statement to the opposite of what he had initially stated.

      This reversal of testimony became obvious during the trial, and I wanted to see what had occurred during the interviewing process to make the witness change his story so drastically.

      During the trial, I asked Mr. Brace if I could have a copy of the transcribed interviews, as I would need that evidence if found guilty.  He once again stated I could not due to the age of the witness.

      I went on under this impression, knowing something less than ethical had most likely occurred, until I was transferred to Mule Creek State Prison and met several inmates who were in possession of the transcripts of such interviews. These inmates were also convicted of offences similar to that which I was.

      I tried to obtain the interview transcripts/recordings from Mr. Brace. I acted in good faith to try to get this evidence and was told by my attorney, an officer of the court, that I could not have them. I was denied access to the recorded interviews when I should have had access to them, at lease after the trial, to support my appeal and subsequent Petition for WRit of Habeas Corpus.

DATED" 10/19/17

                                HOWARD M. HARMLESS
                                PETITIONER PRO SE

## Proof of Service by Mail

[Case Name and Court Number]   2:14-cv-00223-JAM-DB

I declare that:

I am a resident of <u>Mule Creek Prison</u> in the county of <u>Amador</u>,

California. I am over the age of 18 years. My residence address is:
H.M. Harmless AF5172
Mule Creek S.P., B9-137L, P.O. Box 409040, Ione, CA 95640.

On <u>October 19, 2017</u>, I served the attached <u>Motion for Evidentiary Hearing</u> on the

<u>California Attorney General</u> in said case by placing a true copy thereof enclosed in a

sealed envelope with postage thereon fully paid, in the United States mail at

<u>Ione, CA  95640</u>

addressed as follows:

<u>Office of the Attorney General</u>

<u>Department of Justice</u>

<u>P.O. Box 944255</u>

<u>Sacramento, CA  94244-2550</u>.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on th date

of <u>October 19, 2017</u> at <u>Ione</u>, California.

<u>Howard M. Harmless</u>
[Type or Print Name]

[Signature]