UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD MARTIN HARMLESS, | No. 2:14-cv-0223 JAM DB P |
| Petitioner, | |
| v. | ORDER |
| J. LIZZARAGA, WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks relief pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. o§ 636(b)(1).

On October 25, 2017, petitioner filed a motion for an evidentiary hearing. (ECF No. 52). It is the second one that he has filed in this court in the past year. (See ECF No. 36 (petitioner's December 2016 evidentiary hearing motion)). On November 29, 2017, respondent filed an opposition to petitioner's second motion for an evidentiary hearing. (ECF No. 55). Petitioner did not file a reply. For the reasons stated below, the court will deny petitioner's second motion for an evidentiary hearing as premature.

I. RELEVANT FACTS

On December 27, 2016, petitioner filed his first motion for an evidentiary hearing in this court. (See ECF No. 36). In it, he argued that a hearing was necessary because facts gleaned

////

1

from it would support the ineffective assistance of counsel and prosecutorial misconduct claims (Claims 10 and 13) in his second amended petition. (See generally ECF No. 36).

Respondent opposed the motion on January 26, 2017. (See ECF No. 43). Respondent argues that: (1) under 28 U.S.C. § 2254(d) the evidence petitioner hoped to obtain from the evidentiary hearing was barred as irrelevant given that Section 2254(d) analysis is limited to the record that was before the state court when it adjudicated the claims on the merits, and (2) under 28 U.S.C. § 2254(e) petitioner was at fault for failing to develop the new evidence in state court. (See ECF No. 43 at 1-5).

On June 30, 2017, this court denied petitioner's motion. (ECF No. 51). Citing to Cullen v. Pinholster, 563 U.S. 170 (2011) and Schriro v. Landrigan, 550 U.S. 465 (2007), this court found that when determining whether an evidentiary hearing is warranted under 28 U.S.C. 2254(e)(2), it is obligated to consider the standards for habeas relief under 28 U.S.C. 2254(d). (See ECF No. 51 at 5). Considering this overlap as well as the demand on its docket, the court opted to defer its decision on the appropriateness of an evidentiary hearing under Section 2254(e) until it conducted a Section 2254(d) analysis. (See ECF No. 51 at 5). Thus, whether an evidentiary hearing was appropriate was to be determined at the time the court addressed the entire petition on its merits. (See ECF No. 51 at 6).

II.   ANALYSIS

A review of the instant motion for an evidentiary hearing as well as respondent's opposition indicates that both parties' arguments are substantively the same as those argued when petitioner filed the first motion for an evidentiary hearing. (Compare ECF No. 36, with ECF No. 52; compare also ECF No. 43, with ECF No. 55). Therefore, the court's decision is the same: The court will address petitioner's motion for a preliminary hearing at the same time it addresses the merits of the entire petition.

////
////
////
////

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for an evidentiary hearing (ECF No. 52) is DENIED without prejudice as premature.

Dated: August 21, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/harm0223.2254e2.den